IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALY KIEMBDE                              :        CIVIL ACTION
                                         :
        v.                               :
                                         :
J.L. JAMISON, et al.                     :        NO. 26-3213

ORDER

AND NOW, this 20th day of May 2026, based on the undisputed facts and for the reasons stated Coelho Lopes v. Jamison, No. 26-234, 2026 WL 299991 (E.D. Pa. Feb. 4, 2026), Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), Hernandez Alvarez v. Warden of the Fed. Det. Ctr. Mia., No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), and Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026),[1] it is hereby ORDERED that:

(1)  the Petition for Writ of Habeas Corpus by Aly Kiembde is GRANTED;

(2)  Aly Kiembde is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

---

[1]    Respondents continue to cite Buenrostro-Mendez v. Bondi, No. 25-20496, 166 F.4th 494 (5th Cir. Feb. 6, 2026), and Avila v. Bondi, No. 25-3248, 170 F.4th 1128 (8th Cir. Mar. 25, 2026). This court respectfully disagrees with the holdings in both decisions.

(3)  The Government shall RELEASE Aly Kiembde from custody immediately and shall certify compliance with this Order by filing said certification on the docket no later than 12:00 P.M. EST on May 21, 2026;

(4)  Upon his release, the Government is required to return any personal property of Aly Kiembde, including his identification documents, and any other belonging that he had on his possession when detained;

(5)  The Government is temporarily enjoined from re-detaining Aly Kiembde for seven days following his release from custody;

(6)  If the Government chooses to pursue re-detention of Aly Kiembde after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(7)  Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Aly Kiembde from the Eastern District of Pennsylvania before the ordered bond hearing.  If the immigration judge determines that Aly Kiembde is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Aly Kiembde if unforeseen or emergency circumstances arise

that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  The Court will then determine whether to grant the request and to permit his transfer; and

(8) The clerk of Court shall mark this case CLOSED.


BY THE COURT:


/s/  Harvey Bartle III
                                              J.